PEOPLE ex rel. CITY OF NEW YORK v. DICKEY et al.

(Supreme Court, Appellate Division, First Department. March 22, 1912.)

MUNICIPAL CORPORATIONS (§ 385*)—WIDENING STREETS—CHANGE OF GRADE —DAMAGES.

Claimant owned certain property, extending from F. avenue to Third avenue, which sloped decidedly toward the latter avenue; the difference between the grades being from 17 to 22 feet. The width of F. avenue was increased from 50 to 60 feet, by taking 10 feet from claimant's property, and thereby that portion of claimant's property which abutted on the widened street, was left some 7 feet below the grade of the street, which remained substantially as it had been; the grade established when the street was originally laid out differing from the physical surface as it had previously existed since 1871 by less than 6 inches. *Held*, that whatever injury claimant suffered was due to the widening of the street, and not to any change in the grade, and hence she was not entitled to an award by the change of grade commissioners, whose authority was limited by Laws 1894, c. 567, § 1, to the award of damages caused by change of street grade.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 925–928; Dec. Dig. § 385.*]

Certiorari by the People, on the relation of the City of New York, against William D. Dickey and others, to review an award of damages made by the Change of Grade Damage Commission. Writ sustained, and determination of commissioners annulled.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

Charles J. Nehrbas, for relator.
Benjamin Trapnell, for defendants.

SCOTT, J. The United States Trust Company, as executor, etc., of Josephine L. Horton, deceased, has been awarded substantial damages as for a change of grade of Franklin avenue in the city of New York. That avenue was originally laid out as a 50-foot street, and by

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

a map filed in 1894 it was made a .60-foot street, being widened 10 feet on the side upon which claimant's property abutted. This 10-foot strip was acquired by the city of New York, and an award therefor made to the then owner of the property, and in 1897 the street was physically regulated and graded as a 60-foot street upon the grade established by the act of 1894.

Claimant's property extends from Franklin avenue to Third avenue, sloping downward very decidedly toward the latter avenue; the difference between the grades of these avenues being from 17 to 22 feet. In consequence of this natural contour of the land, the extension of Franklin avenue 10 feet towards Third avenue left that portion of claimant's land which abutted upon the widened street some 7 feet below the grade of the street, which grade, however, remained substantially as it had been; the grade established by the map of 1894 differing from the physical surface as it had existed since 1871 by less than one-half a foot. The commissioners have awarded damages upon the theory that there has been a 7-foot change of grade.

The act from which the commissioners derive authority to proceed (section 1, c. 567, Laws 1894) gives them power to award damages only which have been sustained by reason of a change of grade of a street or avenue. It is manifest that in the present case the grade of Franklin avenue has not been changed, except to an insignificant extent. It is true that there has been a change in the relative grades of the street and of the land abutting upon it; but this is due to the widening of the street, and not to any change in its grade, and if the claimant has suffered damage it is a result of the widening of the street, not of any change in its grade, for that remains substantially as it has always been.

It follows that the writ must be sustained, and the determination of the commissioners annulled, with $50 costs and disbursements. All concur.